UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GIBSON-CRAWFORD, as
surviving spouse of Calvin Crawford,

    Plaintiff,

                                                                                   Case No. 09-14308

v.

COUNTY OF JACKSON, JACKSON COUNTY        Hon. John Corbett O'Meara
PROSECUTOR'S OFFICE, JACKSON
COUNTY SHERIFF'S DEPARTMENT,
JACKSON COUNTY COMMISSIONER GAIL
MAHONEY, HAROLD O'FRYE, HAROLD O'FRYE
FUNERAL HOME, and ALLEGIANCE HEALTH SYSTEMS
HOSPITAL,

    Defendants.
_____/

## ORDER REGARDING MOTIONS TO DISMISS

Before the court are several motions to dismiss the complaint: the Jackson County Prosecutor's motion, filed April 1, 2010; Allegiance Health/Foot Hospital's motion, filed April 13, 2010; and County of Jackson, Jackson County Sheriff's Department, and Gail Mahoney's motion, filed June 23, 2010.[1] Plaintiff filed a response on July 7, 2010. The court did not hear oral argument.

Plaintiff, Dawn Gibson-Crawford, filed a complaint alleging that her husband, Calvin Crawford, died in jail while being held by the Jackson County Sheriff's Department. Plaintiff alleges that a guard saw Calvin Crawford attempt to hang himself and "walked off laughing." Plaintiff also alleges that once her husband was discovered hanging in his cell, no one cut him

---

[1] Harold O'Frye and the Harold O'Frye Funeral Home have not responded to the complaint. The record does not reflect that they have been served with the complaint.

down for several minutes. Defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is appearing pro se, the court must construe her complaint liberally. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). "The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication." Id.

# LAW AND ANALYSIS

## I.      Jackson County Prosecutor's Office

The Jackson County Prosecutor's Office seeks dismissal of Plaintiff's claim against it. It is unclear what claim, if any, Plaintiff is attempting to assert against the Jackson County Prosecutor's Office. Plaintiff does not even mention this entity in her complaint or response to the motions, thereby making *no* factual allegations against the prosecutor's office, let alone allegations sufficient to state a legal claim for relief. Even considering the liberal pleading standard for pro se litigants, Plaintiff has failed to state a claim against the Jackson County Prosecutor's Office. The court will dismiss Plaintiff's claims against this defendant.

## II.     Allegiance Health/Foote Hospital

With respect to Defendant Allegiance Health/Foote Hospital, Plaintiff claims that, after her husband's death, the hospital released his body to the O'Frye Funeral Home without her permission. Plaintiff does not identify a legal theory under which she is seeking relief. Allegiance Health requests dismissal of Plaintiff's claims. Again, construing the allegations in the light most favorable to Plaintiff, the court discerns no federal cause of action against the hospital that would provide this court with jurisdiction. The court will dismiss Plaintiff's claims against the hospital.

## III.    Jackson County, Jackson County Sheriff's Department, Gail Mahoney

Jackson County, Jackson County Sheriff's Department, and Gail Mahoney ("Jackson County Defendants") seek dismissal of Plaintiff's claims for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim.

Plaintiff alleges that Gail Mahoney, who is a Jackson County Commissioner and Calvin

Crawford's cousin, arranged to have Calvin's body transferred to the O'Frye Funeral Home without her permission. Plaintiff does not identify a legal theory against Gail Mahoney, and the court does not discern one that would provide the court with federal question jurisdiction. Accordingly, the court will dismiss Gail Mahoney from this action.

The court will also dismiss Jackson County, as Plaintiff fails to make any factual allegations against it, let alone sufficient allegations to state a cognizable claim for relief.

With respect to the Jackson County Sheriff's Department, however, Plaintiff alleges that her husband committed suicide in jail and that the Sheriff's Department knew he was suicidal, failed to attempt to prevent it, and failed to render timely medical attention. Construing Plaintiff's complaint liberally, these allegations state an Eighth Amendment claim pursuant to 42 U.S.C. § 1983. See Perez v. Oakland County, 466 F.3d 416, 428 (6th Cir. 2006); Comstock v. McCrary, 273 F.3d 693, 711 (6th Cir. 2001) ("This circuit has consistently recognized a prisoner's established right to continuing medical attention once the prisoner's suicidal tendencies are known.").

It does not appear, however, that the Jackson County Sheriff's Department was served with the summons and complaint. Plaintiff has not filed a proof of service. Under Federal Rule of Civil Procedure 4(m), a summons expires if the defendant is not served within 120 days after the complaint was filed. The summons here was issued November 1, 2009, and has thus expired. In such circumstances, the court may "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Given the procedural posture of this case and Plaintiff's pro se status, the court will exercise its discretion in favor of granting Plaintiff additional time to serve the complaint against the Jackson County

Sheriff's Department.  See Henderson v. U.S., 517 U.S. 654, 662 (1996) (noting that courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown").

**ORDER**

IT IS HEREBY ORDERED that the Jackson County Prosecutors Office's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Allegiance Health/Foote Hospital's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that the Jackson County Defendants' motion is GRANTED IN PART with respect to Jackson County and Gail Mahoney, and DENIED IN PART with respect to the Jackson County Sheriff's Department.

IT IS FURTHER ORDERED that Plaintiff shall have until **December 22, 2010,** to serve the complaint upon the Jackson County Sheriff's Department.  Failure to serve the complaint as ordered by the court will subject Plaintiff's complaint to dismissal.


s/John Corbett O'Meara
United States District Judge

Date:  November 23, 2010


I hereby certify that on November 23, 2010, a copy of the foregoing document was served upon counsel of record using the ECF system, and upon Plaintiff at 507 Webb Street, Jackson, Michigan 49203 and 2261 South Hairston Road, Decatur, Georgia 30035 by first-class U.S. mail.

s/William Barkholz
Case Manager